Svetlana P. Spivak
HOLMES WEDDLE & BARCOTT, P.C.
999 Third Avenue, Suite 2600
Seattle, Washington 98104
Telephone: (206) 292-8008
Facsimile: (206) 340-0289
Email: sspivak@hwb-law.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KAREN EVICH, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ADAK, an Alaska municipality; and ALEUT ENTERPRISE, LLC, dba Port of Adak, an Alaskan corporation,<br><br>Defendants. | Case No. 3:13-cv-00189-TMB |

## COMPLAINT

COMES NOW Plaintiff KAREN EVICH, INC., (hereinafter "Plaintiff") and alleges as follows:

### I.

### PARTIES

1. Plaintiff is and was at all pertinent times a corporation organized and existing under the laws of the State of Washington, doing business within the State of Alaska, and the owner of the vessel KAREN EVICH on February 1, 2012.

COMPLAINT
*Karen Evich, Inc. v. City of Adak*
Case No. 3:13-cv-00189-TMB - Page 1 of 7

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Case 3:13-cv-00168-TMB   Document 1   Filed 08/23/13   Page 1 of 7

2. Defendant City of Adak ("City") is a municipality within the State of Alaska, and was the owner and/or operator of the Adak small boat harbor on February 1, 2012.

3. Defendant Aleut Enterprise, LLC, doing business as Port of Adak ("Port") is and was at all pertinent times a corporation organized and existing under the laws of the State of Alaska, doing business within the State of Alaska, and the owner and/or operator of the Port of Adak on February 1, 2012.

## II.

## JURISDICTION

4. This action is an admiralty and maritime dispute within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Court's jurisdiction over this action rests in Title 28 U.S.C. § 1333.

5. This Court also has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1332(a). The parties to this suit are citizens of different States and the amount in controversy exceeds $75,000.

## III.

## FACTS

6. Sometime in 2011 / 2012, and in no event later than January 31, 2012, one or both defendants engaged Pacific Pile & Marine Company to dredge and/or expand the Adak small boat harbor. Following the dredging of the Adak small boat harbor, one or both defendants advertised the Adak small boat harbor to attract vessels under 60 feet long.

COMPLAINT
*Karen Evich, Inc. v. City of Adak*
Case No. 3:13-cv-00189-TMB - Page 2 of 7

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
(206) 292-8008
FAX (206) 340-0289

Case 3:13-cv-00168-TMB   Document 1   Filed 08/23/13   Page 2 of 7

7. The KAREN EVICH is a 58-foot trawler that participates in the cod fishery in Alaska. Plaintiff has participated in the cod fishery out of Adak aboard the KAREN EVICH on and off for the past six years.

8. When navigating the KAREN EVICH through the Adak small boat harbor, Plaintiff uses Nobeltec electronic charts. Plaintiff updated its Nobeltec charts sometime in January 2012. The channel is not marked with buoys.

9. On or about February 1, 2012, Plaintiff entered the Adak small boat harbor. This was Plaintiff's first time entering the Adak small boat harbor after the harbor was dredged and/or expanded. Plaintiff navigated the harbor using Nobeltec electronic charts.

10. While approximately in the middle of the entrance channel of the Adak small boat harbor, the KAREN EVICH struck something submerged in the channel.

11. The submerged object was not marked nor was it visible or obvious.

12. There was no indication on the Nobeltec electronic chart that the said submerged object existed.

13. City and/or Port did not warn Plaintiff of the said submerged object in the channel.

14. Plaintiff had no knowledge and/or reason to know of the said submerged object in the channel.

15. After the impact, the KAREN EVICH began experiencing cooling problems with the main engine and was taken to the dock. As a result of the previously described incident, the KAREN EVICH underwent extensive repairs over the next six weeks and additional repairs afterwards.

COMPLAINT
*Karen Evich, Inc. v. City of Adak*
Case No. 3:13-cv-00189-TMB - Page 3 of 7

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Case 3:13-cv-00168-TMB   Document 1   Filed 08/23/13   Page 3 of 7

16. As part of its repair efforts, Plaintiff hired divers to examine the hull of the KAREN EVICH. Inspection showed that in addition to other damage sustained by the KAREN EVICH, three cooling pipes were ripped off the hull by the impact with the submerged object.

17. The divers also located a submerged object in the entrance channel of the Adak small boat harbor at the location where the KAREN EVICH experienced an impact. The submerged object was not marked.

18. The divers also found the three cooling pipes that had been torn from the KAREN EVICH. The pipes were lying near the submerged object.

19. Following the aforesaid incident, plaintiff learned that three other vessels reportedly struck the same object within the same 24-hour window: the F/V STANLEY K, F/V MARAUDER and the F/V OCEAN STORM.

20. One or both defendants knew or should have known about the existence of the submerged object in the channel.

21. Plaintiff acted prudently at all times.

22. Plaintiff has met its obligation to mitigate damages.

## IV.

### FIRST CAUSE OF ACTION – FAILURE TO MARK

23. Plaintiff reasserts all preceding paragraphs as if fully set forth herein.

24. 33 C.F.R. § 64.11(a) states that "[t]he owner of a sunken vessel, raft, or other obstruction that otherwise constitutes a hazard to navigation shall mark it in accordance with this subchapter."

COMPLAINT
*Karen Evich, Inc. v. City of Adak*
Case No. 3:13-cv-00189-TMB - Page 4 of 7

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
(206) 292-8008
FAX (206) 340-0289

Case 3:13-cv-00168-TMB   Document 1   Filed 08/23/13   Page 4 of 7

25. Pursuant to 33 C.F.R. § 64.11(a), and as owner and/or operator of the location in which the submerged object was located, City and/or Port owed a duty to all vessels entering the Adak small boat harbor to mark hazardous submerged objects.

26. Notwithstanding 33 C.F.R. § 64.11, City and/or Port owed Plaintiff a duty to mark hazardous submerged objects such as the one involved here.

27. City and/or Port breached its duty to Plaintiff by failing to mark the submerged object.

28. As a result of City and/or Port's breach of their duty to mark the submerged object, Plaintiff sustained damages to its vessel and consequential damages of approximately $207,000, the exact amount to be proven at trial.

29. The damage to Plaintiff's vessel from striking the submerged object was a reasonably foreseeable harm arising from the failure to warn.

30. Had the sunken object been marked, Plaintiff would have navigated around it and avoided damage to its vessel.

V.

### SECOND CAUSE OF ACTION – BREACH OF DUTY OWED TO BUSINESS INVITEE/LICENSEE

31. Plaintiff reasserts all preceding paragraphs as if fully set forth herein.

32. City and/or Port seek, and sought at all relevant times, business from commercial and other vessels.

33. Port advertises itself as providing "fuel, facilities and services for commercial fishing, marine cargo, commercial aviation, government agencies, scientific research, private tourism and other industry operating in the North Pacific and Western Alaska." *See* http://www.adakisland.com/adak.htm.

34. City and/or Port invited Plaintiff into the Adak small boat harbor.

COMPLAINT
*Karen Evich, Inc. v. City of Adak*
Case No. 3:13-cv-00189-TMB - Page 5 of 7

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
(206) 292-8008
FAX (206) 340-0289

Case 3:13-cv-00168-TMB   Document 1   Filed 08/23/13   Page 5 of 7

35. Plaintiff entered the Adak small boat harbor on the basis of City and/or Port's offered services and was therefore a business invitee of City and/or Port.

36. City and/or Port owed Plaintiff a duty to protect Plaintiff against dangerous conditions on their property. This duty includes the duty to provide safe access.

37. City and/or Port knew or should have known the submerged object presented an unreasonable risk to Plaintiff.

38. City and/or Port should have expected that Plaintiff would not discover the submerged object on its own.

39. City and/or Port breached their duty to Plaintiff to protect Plaintiff against a dangerous condition on their property and to provide safe access.

40. As a result of the City and/or Port's breach of their duty protect against dangerous conditions on their property, Plaintiff sustained damages to its vessel and consequential damages of approximately $207,000, the exact amount to be proven at trial.

VI.

**THIRD CAUSE OF ACTION – FAILURE TO WARN**

41. Plaintiff reasserts all preceding paragraphs as if fully set forth herein

42. City and/or Port owed Plaintiff a duty to warn of the submerged object.

43. City and/or Port breached its duty to Plaintiff to warn of the submerged object.

44. As a result of the City and/or Port's breach of their duty to warn, Plaintiff sustained damages to its vessel and consequential damages of approximately $207,000, the exact amount to be proven at trial.

COMPLAINT
*Karen Evich, Inc. v. City of Adak*
Case No. 3:13-cv-00189-TMB - Page 6 of 7

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
(206) 292-8008
FAX (206) 340-0289

Case 3:13-cv-00168-TMB   Document 1   Filed 08/23/13   Page 6 of 7

45. The damage to Plaintiff's vessel from striking the submerged object was a reasonably foreseeable harm arising from the failure to warn.

46. Had Plaintiff been warned of the sunken object, Plaintiff would have navigated around it and avoided damage to its vessel.

## VII.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all damages, plus interest;

2. For an award of Plaintiff's reasonable attorneys' fees and costs incurred in this action;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

DATED this _____ day of August, 2013.

HOLMES WEDDLE & BARCOTT, P.C.


      s/Svetlana P. Spivak
Svetlana P. Spivak, ABA #0608049
999 Third Avenue, Suite 2600
Seattle, Washington 98104
Telephone: (206) 292-8008
Facsimile: (206) 340-0289
Email: sspivak@hwb-law.com
Attorney for Plaintiff

G:\5696\26461\Pleading\Complaint 8-16-13.doc

COMPLAINT
*Karen Evich, Inc. v. City of Adak*
Case No. 3:13-cv-00189-TMB - Page 7 of 7

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA 98104-4011
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Case 3:13-cv-00168-TMB   Document 1   Filed 08/23/13   Page 7 of 7